In the Matter of the Claim of PAUL DOZIER, Respondent, v. REPUBLIC STEEL CORPORATION, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant has tuberculosis and the board has attributed this, as an occupational disease, to the employment. He was not exposed to tuberculosis in the work and may have contracted the disease from his wife; but he was exposed in the employment to free silica for more than 60 days between 1946 and 1954 and upon surgical examination of lung tissue taken in connection with treatment of tuberculosis evidence of silicate inhalation was found from which a diagnosis of silicosis was made. There is medical opinion that the silicosis was " a contributing factor in the disability " and that " the presence of silicosis unfavorably affects the course of tuberculosis or renders the individual more susceptible to contracting tuberculosis." The medical proof thus sustains the decision. Award unanimously affirmed, with costs to the Workmen's Compensation Board.

 In the Matter of the Claim of SIMON BOTWINICK, Appellant, v. ARNOLDS MEN SHOP, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board. Claimant and his wife are the owners of all the stock of the corporate employer, which operates a retail haberdashery store. Claimant alleges that he suffered a heart attack as the result of his work. He testified that while he was carrying a form and a coat to be used for window display, weighing 35 pounds, he suffered acute pains, which have been diagnosed as due to coronary thrombosis with posterior wall myocardial infarction. The board, reversing a Referee, dismissed the claim. There is proof both for and against this incident as a cause of the attack. Appellant cites many cases in which awards in situations like this have been made by the board and affirmed by the court; and there are many more such cases. But the court faces an entirely different problem when the board has found factually an association between the work and the heart attack and when it has not found such an association. As a matter of law there is substantial evidence in support of this decision; and we do not have authority to require the fact-finding power of the board to be exercised differently. Decision unanimously affirmed, without costs.

 In the Matter of ANNE B. ANDERSON, Appellant, v. H. ELIOT KAPLAN et al., Constituting the STATE CIVIL SERVICE COMMISSION, Respondents.— Appeal from an order of a Special Term, Supreme Court, Albany County. Respondents, after examination of petitioner, have found her disqualified on physical grounds. Without alleging that she meets the physical standards of eligibility for the civil service position here in issue, petitioner seeks an order directed to the respondents to place her on an eligible list. Her factual pleading to support this is merely that the details of the physical examination have not been disclosed to her. Whatever other relief petitioner may have to compel or require such disclosure, the mere absence of detailed disclosure does not entitle her on the face of this pleading to be placed on an eligible list. Order unanimously affirmed, without costs.